UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raymond Joseph Traylor,   Case No. 22-CV-1268 (ECT/ECW)

Petitioner,

v.   **REPORT AND RECOMMENDATION**

Commissioner of Corrections, Warden,

Respondent.

Petitioner Raymond Joseph Traylor has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. In his Petition, Traylor challenges the legality of his state court convictions for two counts of first-degree criminal sexual conduct. (*See* Dkt. 1 (challenging convictions in Case No. 62-CR-14-3082 (Ramsey Cnty. Dist. Ct.).) This matter is before the Court for review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After review, this Court concludes that it lacks jurisdiction over the Petition. It is therefore recommended that this matter be dismissed without prejudice and that Traylor's related motions (*see* Dkts. 9, 11, 13, and 17) be denied without prejudice as moot.

Traylor has previously sought federal habeas corpus relief challenging the legality of the same convictions. *See Traylor v. Comm'r of Corr.*, No. 18-CV-1583 (JNE/SER), Petition, Dkt. 1. That petition was denied with prejudice due to procedural default. *See id.*, Dkt. 30. Accordingly, the Petition now before the Court is "second or successive"

within the meaning of 28 U.S.C. § 2244(b)(3)(A). *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). A petitioner cannot proceed with a "second or successive" habeas petition under § 2254 unless that petition is first authorized by the court of appeals. *See* 28 U.S.C. § 2244(b)(3). Traylor has not received the necessary authorization from the United States Court of Appeals for the Eighth Circuit; in fact, Traylor has previously sought—and was denied— authorization to file a second or successive habeas corpus petition. *See Traylor v. Comm'r of Corr.*, No. 19-2630 (8th Cir. Sept. 12, 2019).

Because Traylor has not received authorization from the Eighth Circuit to file a second or successive habeas petition, this Court lacks jurisdiction over the pending Petition. For this reason, it is recommended that the Petition be dismissed without prejudice. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (concluding that the district court lacked jurisdiction to consider a "second or successive" habeas petition without necessary authorization from appellate court). Traylor also filed the following motions related to his Petition: (1) a Motion for Appointment of Defense Counsel (requesting a hearing) (Dkt. 9); (2) a Motion for Discovery Subpoena (Dkt. 11); (3) a Motion for Complete Transcripts (Dkt. 13); and (4) a motion to amend the original petition to add a claim of "unlawful imprisonment" and for a hearing (Dkt. 17). Because it is recommended that the Petition be dismissed without prejudice, it is further recommended that these Motions be denied as moot.

Finally, because this Court does not believe the basis upon which dismissal is recommended to be fairly debatable, it is further recommended that a certificate of

appealability not be issued in this matter. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS RECOMMENDED THAT:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Dkt. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Petitioner's Motion for Appointment of Defense Counsel (Dkt. 9) be DENIED WITHOUT PREJUDICE as MOOT.

3. Petitioner's Motion for Discovery Subpoena (Dkt. 11) be DENIED WITHOUT PREJUDICE as MOOT.

4. Petitioner's Motion for Complete Transcripts (Dkt. 13) be DENIED WITHOUT PREJUDICE as MOOT.

5. Petitioner's motion to amend the original petition to add the claim of "unlawful imprisonment" and for a hearing (Dkt. 17) be DENIED WITHOUT PREJUDICE as MOOT.

6. No certificate of appealability be issued.

Dated: June 2, 2022

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).